Max R. Tarbox; SBN: 19639950
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
(806)686-4448; FAX (806)368-9785
*Attorneys for Business Debtors and Involuntary Plaintiffs*

R. Byrn Bass, Jr.
LAW OFFICES OF R. BYRN BASS, JR.
Compass Bank Building
Suite 100
4716 4th St.
Lubbock, TX 79416
785-1250; 806/771-1260 (FAX)
*Attorneys for Quint Waggoner*, *Debtor and Involuntary Plaintiff*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Waggoner Cattle, LLC, | § § | Case No. 18-20126-11-rlj |
| Debtor. | § § | |
| Lone Star State Bank of West Texas, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Adversary Proceeding No. 18-02003-rlj |
| Michael Quint Waggoner, Individually and d/b/a Waggoner Cattle Co., LLC; Cliff Hanger Cattle, LLC; Bugtussle Cattle, LLC; and Circle W of Dimmitt, Inc. | § § § § § § | |
| Involuntary Plaintiffs, | § § | |
| v. | § § § | |
| Rita F. Moseley, Kevin Dale Moseley, and Ricky Ryan Riddle, Individually and all | § § § | |

| | |
|---|---|
| d/b/a Moseley & Ridde; | § |
| Rita F. Moseley, P.C.; | § |
| Kevin Dale Moseley, P.C.; and | § |
| Ricky Ryan Riddle, P.C., | § |
| | § |
| Defendants. | § |

**The Response of Michael Quint Waggoner, Individually and d/b/a Waggoner Cattle Co., LLC; Cliff Hanger Cattle, LLC; Bugtussle Cattle, LLC; and Circle W of Dimmitt, Inc. to Plaintiff's Original Complaint**

Michael Quint Waggoner, Individually and d/b/a Waggoner Cattle Co., LLC; Cliff Hanger Cattle, LLC; Bugtussle Cattle, LLC; and Circle W of Dimmitt, Inc. (collectively referred to as the Waggoner Cattle group"), by their attorneys, Max R. Tarbox of the law firm of Tarbox Law, P.C. for the business involuntary defendants and R. Bryn Bass of the law firm of Law Offices of R. Byrne Bass, Jr., and files this their *Answer* (hereinafter "Answer") to the *Plaintiff's Original Complaint* (hereinafter "Complaint"), and in support of their *Answer* would respectfully show the Court as follows:

1. The alleged Involuntary Plaintiffs object to their being named in the Complaint due to Plaintiff's failure to comply with Fed R. Bankr. P. 7019. Rule 19(a)(2) provides for the joinder of a required party as an involuntary plaintiff only "in a proper case." In order for a "proper case" to exist, the following three requirements must be satisfied: (1) the involuntary plaintiff must have " ' "an obligation to permit its name or title to be used to protect rights asserted in the action;" ' " (2) the involuntary plaintiff must be beyond the court's jurisdiction; and (3) the involuntary plaintiff must have " ' "refused to voluntarily join in the action following notification thereof." ' " The Waggoner group hereby refuses to join in the action, and the Waggoner group has no obligation to let the Plaintiff use their name. Accordingly, the instant case is not the "proper case" to mandate that the Waggoner group be added as an involuntary plaintiff under Rule 19.

2. The Plaintiff did not have standing to bring its claims under the Bankruptcy Code when it commenced this action, and it would be improper to let it use Rule 19 as a cure for its lack of standing after the fact.

Date: June 4, 2018

        TARBOX LAW, P.C.
        2301 Broadway
        Lubbock, Texas 79401
        806/686-4448; 806/368-9785 (FAX)


        By: /s/ Max R. Tarbox
        Max R. Tarbox
        SBN 19639950
        *Attorneys for Business Debtors and Involuntary Plaintiffs*


        Law Offices of R. Byrn Bass, Jr.
        Compass Bank Building
        Suite 100
        4716 4th St.
        Lubbock, TX 79416
        785-1250; 806/771-1260 (FAX)


        By: /s/ R. Byrn Bass, Jr.
        R. Byrn Bass, Jr.
        SBN 19639950
        *Attorneys for Quint Waggoner, Debtor and Involuntary Plaintiff*

U:\Chap 11 Debtor\Waggoner Cattle, LLC et al\Lone Star Complaint\Answer.wpd