

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 19, 2018**

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| WAGGONER CATTLE, LLC, | § | Case No.: 18-20126-RLJ-11 |
| | § | Jointly Administered |
| Debtor. | § | |
| | § | |
| LONE STAR STATE BANK OF WEST TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 18-02003 |
| | § | |
| MICHAEL QUINT WAGGONER, WAGGONER CATTLE, LLC, CLIFF HANGER CATTLE, LLC, CIRCLE W OF DIMMITT, INC., BUGTUSSLE CATTLE, LLC, RITA F. MOSELEY, KEVIN DALE MOSELEY, RITA F. MOSELEY, P.C., KEVIN DALE MOSELEY, P.C., RICKY RYAN RIDDLE, P.C., MOSELEY & RIDDLE, TRENT RIDDLE, INDEPENDENT EXECUTOR OF THE ESTATE OF RICKY RYAN RIDDLE, DECEASED, | § | |
| Defendants. | § | |

1

**MEMORANDUM OPINION**

The day after Waggoner Cattle, LLC, Circle W of Dimmitt, Inc., Bugtussle Cattle, LLC, and Cliff Hanger Cattle, LLC (collectively, Debtors) each filed for chapter 11 bankruptcy, Lone Star State Bank of West Texas (Lone Star) initiated this adversary proceeding against Rita F. Moseley, Kevin Dale Moseley, Ricky Ryan Riddle (now, by order granting substitution, Trent Riddle, as Independent Executor of the Estate of Ricky Ryan Riddle, Deceased), Moseley & Riddle, Rita F. Moseley, P.C., Kevin Dale Moseley, P.C., and Ricky Ryan Riddle, P.C. (collectively, Defendants); and also named Debtors as "Involuntary Plaintiffs."[1] The Court addresses Defendants' Motion to Dismiss due to Lack of Subject Matter Jurisdiction or in the Alternative, Motion for Abstention.[2]

Lone Star seeks recovery from Defendants for their alleged professional malpractice in performing accounting and auditing services for Debtors. Defendants move for dismissal, contending that this action is not sufficiently "related to" Debtors' bankruptcy cases to confer jurisdiction on the Court. Lone Star, as an asserted secured creditor of Debtors, argues that any recovery on this action against Defendants will reduce its claims against Debtors and thus potentially enhance the recovery for other creditors of Debtors' bankruptcy estates. This, it argues, satisfies the standard for "related-to" jurisdiction.

If the Court denies Defendants' request for dismissal, they alternatively request that the Court abstain from hearing the case on the doctrine of permissive abstention. To this, Lone Star

---

[1] Doc. No. 1. All "Doc. No." references herein are to the present adversary proceeding unless otherwise indicated. Lone Star filed a motion requesting permission to file an amended complaint. Doc. No. 24. Attached to the motion was a draft of the first amended complaint. *Id.* at Ex. A. The amended complaint essentially changed the position of Debtors from "Involuntary Plaintiffs" to defendants. After receiving no objection to the motion, an order granting the motion for leave to file an amended complaint was entered on August 2, 2018. Doc. No. 33. To date, however, Lone Star has not actually filed the amended complaint. Nonetheless, the substantive cause of action asserted by Lone Star against Defendants was not changed. Thus, this Memorandum Opinion will analyze the issues as if the amended complaint were actually filed but will make reference only to the original complaint.
[2] Doc. Nos. 17, 18.

2

submits that, upon consideration of the factors for permissive abstention, abstention is not proper.

## I.

Defendants' Rule 12(b)(1) motion is a facial attack of the allegations made by Lone Star's complaint. If a 12(b)(1) motion challenges whether the complaint alleges sufficient facts upon which subject matter jurisdiction can be based, a court can dismiss such claim based on the complaint alone. *See Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008). In a facial attack, the court accepts all material allegations in the complaint as true and construes them in the light most favorable to the non-movant. *E.g., Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018). The court does not look beyond the allegations of the complaint. *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009).

### A.

### *Bankruptcy Jurisdiction*

Jurisdiction over bankruptcy cases and proceedings is conferred on federal district courts under 28 U.S.C. § 1334. *U.S. Brass Corp. v. Travelers Ins. Grp. (In re U.S. Brass Corp.)*, 301 F.3d 296, 303 (5th Cir. 2002); *Wood v. Wood (In re Wood)*, 825 F.2d 90, 92 (5th Cir. 1987); *Coho Oil & Gas, Inc. v. Finley Res., Inc. (In re Coho Energy, Inc.)*, 309 B.R. 217, 220 (Bankr. N.D. Tex. 2004). Section 1334(b) provides that district courts have "original but not exclusive jurisdiction" over "arising" and "related to" civil proceedings under title 11. 28 U.S.C. § 1334(b). Such proceedings are then assigned to bankruptcy courts in accordance with 28 U.S.C. § 157. One court has stated that "it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *U.S. Brass*, 301 F.3d at 304 (quoting *Wood*, 825 F.2d at 93). A proceeding is "related to" the bankruptcy case when its outcome "could *conceivably* have any effect on the estate being administered in bankruptcy." *Id.* (emphasis in original) (internal

3

quotations omitted). Said another way, "an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *TMT Procurement Corp. v. Vantage Drilling Co. (In re TMT Procurement Corp.)*, 764 F.3d 512, 526 (5th Cir. 2014) (internal quotation omitted). The bankruptcy court must determine whether a matter before it is core (an arising matter) or non-core (a related-to matter). 28 U.S.C. § 157(b), (c); *Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2171 (2014). This determination then dictates the bankruptcy judge's authority over the matter. 28 U.S.C. § 157(b), (c).[3]

Lone Star does not assert that this proceeding is a core proceeding. It argues that the Court has "related-to" jurisdiction, i.e., that the suit is non-core. But as correctly noted by Defendants, "related-to" jurisdiction is not unlimited. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995).

Courts have held that "related-to" jurisdiction exists on facts that are analogous to those here. The Fifth Circuit's opinion in *Randall & Blake, Inc. v. Evans (In re Canion)* is instructive. 196 F.3d 579 (5th Cir. 1999). In *Canion*, a judgment creditor of the debtor initiated an adversary proceeding against third-party defendants—the debtor's friends, relatives, business associates, and employees—seeking monetary and injunctive relief for various tort claims. *Id.* at 581–82. Although the suit was originally filed in federal district court, it was referred to the bankruptcy court under 28 U.S.C. § 157; the bankruptcy court's jurisdiction was challenged on appeal. *Id.* at 581. The Fifth Circuit held that the bankruptcy court had "related-to" jurisdiction over the judgment creditor's claims against the third-party defendants as such claims had some conceivable effect on the debtor's estate. *Id.* at 587–88. The Fifth Circuit noted that there exists

---

[3] The bankruptcy court may *hear and determine* a core proceeding. 28 U.S.C. § 157(b)(1). The court *may hear and make proposed findings and conclusions* to the district court of a related-to (a non-core) proceeding. With the consent of all parties, the bankruptcy court may hear and determine a non-core proceeding. *Id.* at (c)(2).

no requirement that the effect be certain; it also said that the existence of "common facts" to other core proceedings is not enough to confer "related-to" jurisdiction. *Id.* at 585, 587. The court affirmed the bankruptcy court's jurisdiction on the basis that any amount collected by the judgment creditor from the third-party defendants would decrease the total amount claimed against the estate. *Id.* at 586. "This decrease would inure to the benefit of all other unsecured creditors, each of whom would then share in the disbursement that would otherwise have been paid to [the judgment creditor]." *Id.*

The Third Circuit, more recently, also considered a case with similar facts in *Nuveen Municipal Tr. v. WithumSmith Brown, P.C.*, 692 F.3d 283 (3d Cir. 2012). In *Nuveen*, the debtor, a medical center, entered into a loan transaction with Nuveen Municipal Trust; in connection with the deal, certain auditing reports were authored by the debtor's accounting firm, WithumSmith+Brown, P.C. *Id.* at 287. Nuveen, a creditor of the debtor's bankruptcy estate, "contend[ed] that the audit report . . . concealed problem aspects of [the debtor's] financial condition, and had it known about these financial issues, it would not have entered into the transaction." *Id.* Thus, Nuveen asserted tort claims against the accounting firm, including fraud and negligent misrepresentation. *Id*. The Third Circuit analyzed the district court's exercise of jurisdiction under 28 U.S.C. § 1334(b) and concluded that the lower court did, in fact, have "related-to" jurisdiction of the proceeding. *Id.* at 298–99. Like *Canion*, the court considered whether or not Nuveen's collection against the accounting firm could have some "conceivable" effect on the bankruptcy estate. *Id.* at 294 ("bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor") (citing *Celotex*, 514 U.S. at 308 & n.6). Noting that Nuveen acknowledged that its claim against the estate would have to be adjusted for any recovery against the accounting firm, "to prevent double recovery," the court held that the debtor's liability to Nuveen could conceivably have been affected by the

5

proceedings against the accounting firm, which, in turn, would have directly impacted the "pool of assets available for distribution to [the debtor's] creditors." *Id.* at 298–99. Such effect is enough to confer "related-to" jurisdiction. *Id*.

Both *Canion* and *Nuveen* instruct that the timing of when jurisdiction is decided is important. In *Canion*, the debtor's estate had not yet been administered; the Fifth Circuit wrote,

> If, at the time of [the] suit . . . , [the] bankruptcy estate had already been administered by the trustee—i.e., if all property of the estate were collected, liquidated, and the proceeds distributed to creditors—then presumably [the] potential damage recovery against the [non-debtor] defendants would have been limited to the amount of the outstanding judgment (that part of the judgment not paid through bankruptcy), and no effect on the estate would have been possible. In this case, however, at the time of the district court's reference, the estate had not been fully administered. In fact, after the case was referred to the bankruptcy court, the trustee recovered and distributed over $200,000 to the creditors of [the] estate, including distributions to [the plaintiff] that would not have been made if its judgment against [the debtor]—and therefore its claim against [the] estate—had already been satisfied by the [non-debtor] defendants.

*Canion*, 196 F.3d at 586 n.27. The long-standing rule is that jurisdiction of an action is assessed at the time of its filing.[4] And *Nuveen* echoes *Canion* for the practical rule that "related-to" jurisdiction would not extend to third-party disputes that arise *after* the bankruptcy estate has been fully administered. *See Nuveen*, 692 F.3d at 297 (citing and distinguishing *Fox v. J & J Towne Pharmacy, Inc. (In re J & J Towne Pharmacy, Inc.)*, No. 99-17560DWS, 2000 WL 568355, at *8 (Bankr. E.D. Pa. May 5, 2000)). The timing of Lone Star's action supports the Court's conclusion that "related-to" jurisdiction lies here as the bankruptcy cases are in their early stages with no distributions made.

The Court has "related-to" jurisdiction over Lone Star's claims against Defendants. Lone Star concedes that it cannot recover from Defendants more than the amount specified in its filed proofs of claim. Thus any potential recovery made by Lone Star will conceivably affect

---

[4] *See, e.g., Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 582 (2004).

Debtors' estates, such that it will impact distributions available to other creditors. The Court will deny Defendants' motion to dismiss for lack of subject matter jurisdiction.

**B.**

*Abstention*

The Court next considers if it should abstain from hearing this adversary proceeding. Section 1334 (28 U.S.C.) also addresses mandatory and permissive abstention.

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

§ 1334(c)(1)–(2). First, mandatory abstention under 28 U.S.C. § 1334(c)(2) is not available because "an action has [not] been commenced in state court." *Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 300 (5th Cir. 2007) (listing the four elements required for mandatory abstention, of which a pending state court proceeding is one). On to permissive abstention.

"[T]he starting point in analyzing whether permissive abstention is appropriate is whether abstention will impede or disrupt the bankruptcy court's exclusive and non-delegable control over the administration of the estate within its possession." *Coho Oil & Gas, Inc. v. Finley Res., Inc. (In re Coho Energy, Inc.)*, 309 B.R. 217, 221 (Bankr. N.D. Tex. 2004) (internal citation and quotation omitted). To guide the analysis, courts consider the following factors.

> (1) the effect, or lack thereof, on the efficient administration of the estate if a court recommends abstention;

7

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficulty or unsettled nature of the applicable state law;

(4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden on the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) the presence in the proceeding of nondebtor parties.

*Callan v. Black Strata, LLC (In re MontCrest Energy, Inc.)*, No. 13-41129-DML-7, 2014 WL 6982643, at *7 (Bankr. N.D. Tex. Dec. 9, 2014) (citing *Hester v. Coho Energy, Inc. (In re Coho Energy, Inc.)*, No. 3:01–CV–0407–P, 2002 WL 523948, at *7 (N.D. Tex. Apr. 5, 2002); *Denton Cty. Elec. Coop. v. Eldorado Ranch, Ltd. (In re Denton Cty. Elec. Coop.)*, 281 B.R. 876, 881 (Bankr. N.D. Tex. 2002)). Courts have "broad discretion" to abstain in either core or non-core proceedings. *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1206 (5th Cir. 1996).

Each factor is considered below.

***1. The effect, or lack thereof, on the efficient administration of the estate if a court recommends abstention.***

Regardless where this action is tried (or settled), it should not hold the bankruptcy case hostage. The chapter 11 proceeding—the goal of which is to submit a plan for confirmation—

8

should proceed without interference by this suit.  Trial is presently set for July 2019.  This case *should* proceed to confirmation (or conversion or dismissal) before then.  This factor carries little weight in the Court's analysis.

### *2. The extent to which state law issues predominate over bankruptcy issues.*

This factor favors abstention because the claims asserted by Lone Star are purely state law claims of negligence.  Bankruptcy law is irrelevant except for perhaps adjusting Lone Star's claims against Debtors, should it recover from Defendants.

### *3. The difficulty or unsettled nature of the applicable state law.*

This is a tort claim under state law; the state law is not claimed to be either novel or unsettled.  This factor carries little weight.

### *4. The presence of a related proceeding commenced in state court or other non-bankruptcy court.*

There is no related proceeding in state court or other non-bankruptcy court.  This does not favor abstention.  Some courts hold that this factor is most important to a court's decision regarding abstention, particularly when the plaintiff will be prejudiced by abstention.  *See Sonnyco Coal, Inc. v. Bartley (In re Sonnyco Coal, Inc.)*, 131 B.R. 799, 803 (S.D. Ohio 1990) (striking the bankruptcy court's recommendation for voluntary abstention because the statute of limitations had run on plaintiff's claim and no available forum existed to hear the claim once the court abstained); *Miller v. BTS Transp. Servs. (In re Total Transp., Inc.)*, 87 B.R. 568, 571 (D. Minn. 1988) ("Abstention is not appropriate where such action would leave the litigant with no other forum for proceeding."); *Dillworth v. Ocean Bank (In re Village at Dadeland Assocs.)*, No. 12-1296-BKC-AJC-A, 2012 WL 3013935, at *3 (Bankr. S.D. Fla. July 23, 2012) ("This factor is critical in regards to the present Adversary Proceeding. There is no pending litigation elsewhere to which this Court should abstain in the interest of comity or otherwise.") (noting, also, that the

9

statute of limitations had run during the pendency of the adversary proceeding). *But see Gulf Fleet Tiger Acquisition, L.L.C. v. Thoma-Sea Ship Builders, L.L.C.*, 282 F.R.D. 146, 160 (E.D. La. 2012) (recommending permissive abstention even though a state court action was not pending and noting that the statute of limitations had not run on plaintiff's claim); *William M. Condrey, P.C. v. Endeavour Highrise, L.P. (In re Endeavour Highrise, L.P.)*, 425 B.R. 402, 420 n.12 (Bankr. S.D. Tex. 2010) ("There does not need to be a pending state court action for this Court to abstain from adjudicating a dispute. . . . Rather, this Court can decide to abstain from adjudicating a dispute brought to this Court, and issue an order authorizing the party seeking abstention to proceed to state court to prosecute the suit.") (internal citation omitted). The court in *Endeavour Highrise* did not, however, address the issue of what to do with the case if the statute of limitations were to expire prior to filing the case in state court.

### *5. The jurisdictional basis, if any, other than 28 U.S.C. § 1334.*

Jurisdiction under 28 U.S.C. § 1334 is the only basis for jurisdiction. Lone Star's claims come within the jurisdiction of this Court as "related-to" claims, arguably the minimum threshold allowed to confer such jurisdiction on the Court. This factor favors abstention.

### *6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case.*

This factor arguably favors abstention because the claims asserted are between non-debtor parties and thus remote from the bankruptcy case. The outcome of this suit, however, may reduce Lone Star's proofs of claim in the bankruptcy.

### *7. The substance rather than form of an asserted "core" proceeding.*

This is not a core proceeding; this factor does not apply.

***8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court.***

This suit concerns a direct cause of action by Lone Star against Defendants. Severance of claims is not an issue. (The Court has denied Lone Star's motion requesting leave to prosecute claims on behalf of the bankruptcy estates.) This factor does not factor.

***9. The burden on the bankruptcy court's docket.***

Lone Star estimates requiring one week to resolve their claims against Defendants by trial. There is some burden on the Court's docket based on this estimate; however, on balance, this factor carries little weight in resolving the issue.

***10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.***

There is no evidence of forum shopping. Lone Star's claims against Defendants are related to the bankruptcy cases and thus jurisdiction is proper. This factor is not relevant to the Court's consideration.

***11. The existence of a right to a jury trial.***

Defendants, in their motion and subsequent responses, point to their desire to seek a jury trial. They have not yet formally asserted such right, however. A jury trial in the bankruptcy court is not favored as it requires the consent of all parties. *See* 28 U.S.C. § 157(e). The right to a jury trial affects *where* a trial takes place as between the bankruptcy court and the district court. It does not influence abstention here.

***12. The presence in the proceeding of non-debtor parties.***

The Court has denied—for now—Lone Star's motion for leave to prosecute, within this adversary proceeding, potential claims of Debtors; the only parties to this lawsuit are non-debtors. Initially, Lone Star designated Debtors as "Involuntary Plaintiffs." It then amended the complaint by designating Debtors as defendants (without first seeking relief from the automatic

11

stay). Despite the procedural mess created by Lone Star, the gist of this lawsuit is a negligence cause of action between a creditor of Debtors and the Debtors' accountants. This factor favors abstention.

The decision to abstain is solely within the Court's discretion. A majority of the applicable factors suggests that the Court should abstain. But there is no parallel proceeding pending in another forum to which this Court could defer in the interest of justice and comity. The effect on Lone Star of abstaining is unclear. This action was properly filed in the bankruptcy court. Apart from the fact that Lone Star filed this suit in the bankruptcy court rather than state court, there is no evidence of improper forum shopping. And Lone Star contends that Debtors hold claims against Defendants that are based on the same underlying facts and circumstances that allegedly support Lone Star's claims. By abstaining, the Court potentially prejudices Lone Star's rights. Without more, the Court cannot determine if the statute of limitations is a potential issue. The Court will not abstain from hearing this proceeding. The relief requested by Defendants' motion will be denied.

### End of Memorandum Opinion ###