

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 28, 2018**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| WAGGONER CATTLE, LLC, et al | § | Case No. 18-20126-11 |
| | § | Jointly Administered |
| _Debtor._ | § | |

_____

| | | |
|---|---|---|
| LONE STAR STATE BANK OF | § | |
| WEST TEXAS, | § | |
| | § | |
| _Plaintiff,_ | § | |
| | § | |
| v. | § | Adversary Proceeding No. 18-02003-rlj |
| | § | |
| RITA F. MOSELEY, | § | |
| KEVIN DALE MOSELEY, and | § | |
| TRENT RIDDLE, in his capacity as | § | |
| Independent Executor of the Estate of | § | |
| RICKY RYAN RIDDLE, Individually and all | § | |
| d/b/a MOSELEY & RIDDLE, deceased; | § | |
| RITA F. MOSELEY, P.C.; | § | |
| KEVIN DALE MOSELEY, P.C.; | § | |
| RICKY RYAN RIDDLE, P.C., | § | |
| | § | |
| _Defendants, and_ | § | |
| | § | |
| MICHAEL QUINT WAGGONER, Individually | § | |
| and d/b/a WAGGONER CATTLE, LLC; | § | |
| WAGGONER CATTLE, LLC; | § | |
| CLIFF HANGER CATTLE, LLC; | § | |
| BUGTUSSLE CATTLE, LLC; and | § | |
| CIRCLE W OF DIMMITT, INC., | § | |
| | § | |
| _Debtor-Defendants._ | § | |

## AGREED PROTECTIVE ORDER

The Court considered this Agreed Protective Order and is of the opinion that, pursuant to the agreement and request of the Parties, as reflected by the signatures of the attorneys of the Parties, this Agreed Protective Order should be entered. This Order shall remain in effect through the conclusion of this litigation.

It is ORDERED as follows:

**I.**
**Confidential Information Defined**

1.      "Confidential Information" means documents, discovery responses or information of any type, kind or character produced by a Party in this litigation which the producing party has a good faith belief is confidential, to include trade secrets, confidential or proprietary financial information, problem loan policies or protocols, operational data, business plans, and competitive analyses, personal information that is protected by law, and other sensitive information which, if not restricted as set forth in this Order, may subject the producing party to competitive or financial injury, or legal liability due to regulatory or statutory confidentiality requirements. This also includes correspondence and other communications between the Parties or with nonparties if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

2.      Notwithstanding the foregoing, Confidential Information shall not, and does not, include information that: (1) is in the public domain at the time of disclosure, to include public filings, catalogues, advertising materials and the like; (2) becomes part of the public domain through no fault of the recipient; (3) the receiving party had rightful and lawful possession at the time of disclosure; (4) lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the

right to make the disclosure to the receiving party; or (5) concerns the assets, liens, or transactions of a Debtor.[1]

3.      "Identifying Information" means information such as social security and driver's license numbers, account numbers, birth dates and HIPAA protected personal information.

## II.
## Procedure for Designation of Confidential Information

4.      A Party may only designate such documents, discovery responses or information that the Party in good faith believes in fact is Confidential Information. A Party who abusively over-designates matters as Confidential Information and fails to participate in good faith negotiations to resolve the dispute, is subject to a ruling by the Court which may include a waiver of all claims of confidentiality.

5.      Designation shall be made by marking the documents, discovery responses or information as "Confidential" and by advising, in writing, of the confidential nature of the documents, discovery responses and information to all parties to whom disclosure is made.

6.      For documents, discovery responses or information produced prior to the entry of this Order which a Party determines should be marked as "Confidential", the Party may designate that such documents, discovery responses or information are Confidential Information with references to Bates numbers, file names or discovery responses.

## III.
## Duties and Limitations on Use and Handling of Identifying Information

7.      Many thousands of pages of records will be exchanged in discovery in this matter. Many thousands of pages of banking, financial and accounting information will be included in the documents which will be exchanged, with extensive Identifying Information included. Rather than

---

[1] The "Debtors" are Michael Quint Waggoner, Waggoner Cattle, LLC, Cliff Hanger Cattle, LLC, Bugtussle Cattle, LLC, and Circle W of Dimmitt, Inc.

requiring the producing party to redact all Identifying Information prior to production or prior to exchange with the other parties, the parties have agreed, and the Court orders, that the parties may produce and exchange documents and discovery with Identifying Information remaining intact and unredacted. However, the receiving parties are to not disclose the Identifying Information to non-parties to this Adversary Proceeding, or to others than Qualified Persons.[2] The Parties and their attorneys each have the duty to redact Identifying Information from all documents and discovery prior to filing or exhibiting any documents or information containing Identifying Information, and prior to otherwise making any documents or information public.

## IV.
## Limitation on Distribution of Confidential Information

8.      Confidential Information shall be used solely for the purpose of preparation, trial and appeal of this litigation, and AP18-002003-rlj, for any derivative litigation of those two adversary proceedings, and for use in the bankruptcy proceedings of Michael Quint Waggoner (Case No. 18-20125-rlj), Waggoner Cattle, LLC (Case No. 18-20126-rlj), Circle W of Dimmit, Inc. (Case No. 18-20127-rlj), Bugtussle Cattle, LLC (Case No. 18-20128-rlj), and Cliff Hanger Cattle, LLC (Case No. 18-20129-rlj), for any adversary proceeding filed in any of the above-referenced bankruptcy cases, and for no other purposes, and shall not be disclosed except in accordance with the terms of this Order.

9.      Disclosure of Confidential Information in connection with this litigation may be made to only the following "Qualified Persons":

      (a)     the Court and court personnel involved in this case (including court reporters and persons operating video recording equipment at depositions, hearings and trials);

      (b)     the Parties' counsel of record in the Adversary Proceedings or the referenced Bankruptcy Cases, including their partners, associates, secretaries, legal

---

[2] See ¶ 9, *infra*.

assistants, clerical staff and employees working with or under the supervision of the Parties' counsel;

(c)     personnel of graphics or litigation support firms, engaged by the Parties or their attorneys, for the sole purpose of preparing exhibits or materials for use at depositions, hearings or trial. Such graphic or litigation support firms shall agree to keep the documents, discovery responses or information confidential and shall not retain any copies;

(d)     any person who was an author, addressee or intended or authorized recipient of the document or information and who agrees to keep the document or information confidential, provided that such persons may see and use the information, but not retain a copy if not already within that witness' possession, custody or control;

(e)     experts or others who are retained by a Party in connection with assisting a Party (both testifying experts and consulting only experts) with or testifying in this litigation, provided such persons agree to keep the information confidential;

(f)     the Parties, if natural persons. If the Party is an entity, the officers or employees of the Party who are actively involved in the prosecution or defense of the Adversary Proceeding or the Debtors' bankruptcy cases; and

(g)     such additional persons as agreed to by the Parties in writing.

10.     Documents, discovery responses and information designated and marked as "Confidential" pursuant to this Order shall be treated as confidential by the persons to whom such documents, discovery responses or information may be disclosed pursuant to paragraph 9. In addition, except for persons identified in paragraphs 9(a) and (b) above, each person who is authorized by this Order to inspect or to have access to material designated as Confidential and who in fact inspects any such material shall, before conducting such inspection or having such access, be provided with a copy of this Order, and shall sign an instrument that the person has been provided with a copy of this Order, and will comply with the terms of this Order.

## V.
## Challenging Confidentiality Designation

11.     At any time after the designation of any document, discovery response or information as Confidential, any Party may serve a notice of objection to such designation stating the reasons for such objection. The Parties shall make a good faith effort to resolve any disagreement over any objection. Should the Parties be unable to resolve the issue raised by the objection, the objecting Party may thereupon seek a ruling from this Court with respect to the merits of the designation. The burden of establishing that the document, discovery response or information is Confidential is on the Party which asserted the claim of confidentiality.

## VI.
## Use of Confidential Information at Depositions

12.     Confidential Information may be used at the deposition or §2004 examination of a Party or one of its present or former officers, directors, employees, agents, consultants, shareholders, accountants, lawyers, representatives or independent experts retained by counsel for the purpose of this litigation.

13.     Counsel for a Party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Confidential Information is being used or discussed.

14.     In the event a Party desires to use Confidential Information in the deposition or §2004 examination of a non-party beyond those identified in paragraph 9, then the Party seeking to take the deposition or §2004 examination shall, at least three (3) days before the deposition or §2004 examination, identify, in writing, to the Party who designated the information as Confidential, the specific Confidential Information to be used with the deponent. The Parties shall make a good faith effort to reach an agreement on the matter.

15.     All deposition and §2004 examination transcripts shall be treated as Confidential for a period of ten days after initial receipt of the transcript. Any Party may designate exhibits or information disclosed at a deposition or §2004 examination as Confidential Information by notifying all Parties in writing not later than ten days of receipt of the transcript of the specific pages and lines of the transcript or exhibits that should be treated as Confidential Information.

## VII.
## Use of Confidential Information at Trial or Hearings

16.     The use and admission of Confidential Information into evidence at trial or in hearings shall be determined by the trial court. Prior to any hearing or trial, any Party may move the trial court regarding the use, disclosure or admission into evidence of Confidential Information.

## VIII.
## Filing of Confidential Information Under Seal

17.     If any Party desires to file any Confidential Information with the Court, such personal shall file such Confidential Information (1) with the confidential portion(s) redacted from the document and maintained in the public file, or (2) under seal in accordance with the Federal Rules of Civil Procedure as applied to adversary proceedings in bankruptcy or further order of this Court, to be reviewed by court personnel only and not to be released to the public. To file under seal, a Party must file a Motion to Seal and Order Sealing the Confidential Information, identifying the Confidential Information to be sealed at or before the time the Confidential Information is filed.

18.     The Clerk of this Court is directed to maintain under seal all documents and pleadings filed under seal with the Court in this litigation, which have been designated in whole or in part as Confidential by a Party to this action. When filing Confidential Documents with the Clerk, the filing Party must counter file by hand or file by mail such Confidential Documents with the Clerk and present the Clerk with a signed copy of this Order. Such Confidential Documents

should include a cover page in 35pt size bold font indicating that the filing is Confidential and is filed under seal.

19.    The Parties will agree to confer, prior to filing a pleading or other document with the Court, as to whether any documents marked as Confidential can be filed without filing the documents under seal.

## IX.
## Other Provisions

20.    Insofar as the provisions of this Protective Order, or any other protective order entered in this litigation, restricts the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (1) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (2) a party may seek the written permission of the producing Party or order of the Court with respect to dissolution or modification of this, or any other Protective Order.

21.    Parties agree to destroy all paper and electronic copies of all Confidential Information within sixty (60) days of the resolution of all of Debtors' cases and all adversary proceedings filed in any Debtor's cases this matter through either settlement or final judgment, including any applicable appeals. The Party destroying the Confidential Information shall provide a certificate of destruction of Confidential Information on or before the sixty-day deadline to the Party who produced or designated the Confidential Information. Alternatively, the Party in receipt of Confidential Information may return the same to the producing party within sixty days of the resolution of this matter through either settlement or final judgment, including the conclusion of any applicable appeals.

22.     This Order is intended solely to facilitate the proceedings in this litigation. The failure to object to the designation of information as Confidential shall not be deemed as an admission or an agreement that the information so designated constitutes or contains confidential or secret information.

24.     If, in the course of producing documents or information in this case, the Parties recognize there has been an inadvertent or unintentional production of Confidential Information, to include deposition or §2004 examination testimony, which resulted in a failure to take the step required to designate information as Confidential under the terms of this Order, the Party claiming confidentiality must seasonably provide notice to all Parties of the failure, and at that time take the steps required to designate information as Confidential.

25.     This Court retains and shall have continuing jurisdiction over the Parties and recipients of Confidential Information for enforcement of the provisions of this Order following termination of this litigation.


###End of Order###

AGREED:

LOVELL LOVELL ISERN & FARABOUGH, LLP
John H. Lovell, SBN 12609300
john@lovell-law.net
Joe L. Lovell, SBN 12609100
joe@lovell-law.net
Barbara A. Bauernfeind, SBN 08190500
barbara@lovell-law.net
112 Southwest 8th Avenue, Suite 1000
Amarillo, Texas 79101-2314
Phone: (806) 373-1515
Fax: (806) 379-7176

MULLIN HOARD & BROWN, LLP
Steven L. Hoard, SBN 09736600
shoard@mhba.com
P.O. Box 31656
Amarillo, Texas 79105-1656
Phone: (806) 337-1112
Fax: (806) 372-5086

MULLIN HOARD & BROWN, LLP
Brad Odell, SBN 24065839
bodell@mhba.com
P.O. Box 2585
Lubbock, Texas 79401-3111
Phone: (806) 765-7491
Fax: (806) 765-0553

By: /s/ John H. Lovell

*Attorneys for Plaintiff,*
*Lone Star State Bank of West Texas*

THOMPSON COE COUSINS & IRONS, LLP
Ms. Alison H. Moore, SBN 09836500
Amoore@thompsoncoe.com
Mr. James V. Earl, SBN 24099133
Jearl@thompsoncoe.com
700 Pearl Street, 25th Floor
Dallas, Texas 75201
Phone: (214) 871-8200
Fax: (214) 871-8209

SPLAWN SIMPSON PITTS
Mr. John Simpson, SBN 18411500
attorney@ssplubbocklaw.com
907 Texas
Lubbock, Texas 79401
Phone: (806)765-8048
Fax: (806)765-5308

By: /s/ James V. Earl

*Attorneys for Defendants, Rita F. Moseley, Kevin Dale Moseley, Trent Riddle, in his capacity as Independent Executor of the Estate of Ricky Ryan Riddle, deceased, Individually and all d/b/a Moseley & Riddle, Rita F. Moseley, P.C., Kevin Dale Moseley, P.C., and Ricky Ryan Riddle, P.C.*