**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| In re: | § § § | |
| WAGGONER CATTLE, LC, et al, | § § § | Case No. 18-20126-11<br>Jointly Administered |
| Debtor, | § | |

| | | |
|---|---|---|
| LONE STAR STATE BANK OF WEST TEXAS, | § § § § | |
| Plaintiff, | § § | Adversary Proceeding No. 18-02003-rlj |
| V. | § § | |
| MICHAEL QUINT WAGGONER, WAGGONER CATTLE, LLC, CLIFF HANGER CATTLE, LLC, CIRCLE W OF DIMMITT, INC., BUGTUSSLE CATTLE, LLC, RITA F. MOSELEY, KEVIN DALE MOSELEY, RITA F. MOSELEY, P.C., KEVIN DALE MOSELEY, P.C., RICKY RYAN RIDDLE, P.C., MOSELEY & RIDDLE, TRENT RIDDLE, INDEPENDENT EXECUTOR OF THE ESTATE OF RICKY RYAN RIDDLE, DECEASED, | § § § § § § § § § § § § § § | |
| Defendants. | § § § § § § | |

**DEFENDANTS RITA F. MOSELEY, KEVIN DALE MOSELEY, RITA F. MOSELEY, P.C., KEVIN DALE MOSELEY, P.C., RICKY RYAN RIDDLE, P.C., MOSELEY & RIDDLE, TRENT RIDDLE, INDEPENDENT EXECUTOR OF THE ESTATE OF RICKY RYAN RIDDLE, DECEASED'S ANSWER**

1

COMES NOW, Defendants Rita F. Moseley, Kevin Dale Moseley, Rita F. Moseley, P.C., Kevin Dale Moseley, P.C., Ricky Ryan Riddle, P.C., Moseley & Riddle, and Trent Riddle, in his capacity as Independent Executor of the Estate of Ricky Ryan Riddle, (Collectively, the "Defendants") by and through its counsel, and for its Answer for Plaintiff Lone Star State Bank of West Texas's ("Plaintiff") First Amended Complaint, states as follows:

**PRELIMINARY STATEMENT**

Defendants admit that Plaintiff has filed this action seeking actual, statutory, and punitive damages, interest, costs, and attorney's fees. Defendants deny that Plaintiff is entitled to recover the damages sought and otherwise denies the allegations asserted in this paragraph.

**RULE 7001**

1. Paragraph 1 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants admit this is a proceeding to recover money pursuant to Bankruptcy Rule 7001(1).

**I.    PARTIES**

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.

3. Defendants admit the allegations set forth in this paragraph.

4. Defendants admit the allegations set forth in this paragraph.

5. Defendants admit the allegations set forth in this paragraph.

6. Defendants admit the allegations set forth in this paragraph.

7. Defendants admit the allegations set forth in this paragraph.

8. Defendants admit the allegations set forth in this paragraph.

9. Defendants admit the allegations set forth in this paragraph.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14.

## II.      WAGGONER ENTITIES' ROLE

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15, and therefore denies the same.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and therefore denies the same.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17, and therefore denies the same.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18, and therefore denies the same.

## III.      VENUE

19. Defendants admit venue is proper.

## IV.      FACTUAL BACKGROUND

6570664v1
00514.864

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, and therefore deny the same.

21. Defendants admit the allegation that they were hired to audit the financial statements of the listed parties. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 21, and therefore deny the same.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22, and therefore deny the same.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23, and therefore deny the same.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24, and therefore deny the same.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25, and therefore deny the same.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26, and therefore deny the same.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27, and therefore deny the same.

28. Defendants admit the allegations that Defendants audited the combined financial statements of the listed entities and the dates of the auditor's reports in Paragraph 28.

29. Defendants admit the allegations that Defendants audited the combined financial statements of the listed entities and the dates of the auditor's reports in Paragraph 29.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30, and therefore deny the same.

6570664v1
00514.864

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31, and therefore deny the same.

32. Defendants deny the allegations that there was accounting irregularities in Waggoner Cattle accounting records and that Defendants should have noted the irregularity and reported it to Quint Waggoner, as alleged in Paragraph 32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 32, and therefore deny the same.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations regarding Defendants observation, investigation, noting, and reporting of irregularities in the audits in Paragraph 34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 34, and therefore deny the same.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35, and therefore deny the same.

36. Defendants deny the allegations regarding Defendants observation, investigation, noting, and reporting of irregularities in the audits in Paragraph 36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 36, and therefore deny the same.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37, and therefore deny the same.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38, and therefore deny the same.

6570664v1
00514.864

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39, and therefore deny the same.

40. Defendants deny the allegations set forth in this paragraph.

41. Defendants deny the allegations set forth in this paragraph.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42, and therefore deny the same.

43. Defendants deny the allegations set forth in this paragraph.

44. Defendants deny the allegations set forth in this paragraph.

## V.    APPLICABLE STANDARDS

45. Paragraph 45 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

46. Paragraph 46 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

47. Paragraph 47 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

48. Paragraph 48 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

49. Paragraph 49 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

50. Paragraph 50 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

51. Paragraph 51 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

6570664v1
00514.864

52. Paragraph 52 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

53. Paragraph 53 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

54. Paragraph 54 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

55. Paragraph 55 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

## VI. CAUSES OF ACTION

### NEGLIGENCE AND NEGLIGENT MISREPRESENTATION

56. Defendants deny the allegations set forth in this paragraph.

57. Defendants deny the allegations set forth in this paragraph.

58. Defendants deny the allegations set forth in this paragraph.

59. Defendants deny the allegations set forth in this paragraph.

60. Defendants deny the allegations set forth in this paragraph.

61. Defendants deny the allegations set forth in this paragraph.

62. Defendants deny the allegations set forth in this paragraph.

63. Defendants deny the allegations set forth in this paragraph.

64. Defendants deny the allegations set forth in this paragraph.

## VII. DAMAGES

65. Defendants deny the allegations set forth in this paragraph.

66. Defendants deny the allegations set forth in this paragraph.

67. Defendants deny the allegations set forth in this paragraph.

6570664v1
00514.864

68. Defendants deny the allegations set forth in this paragraph.

69. Defendants deny the allegations set forth in this paragraph.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1. Defendants affirmatively allege that Plaintiff has failed to state a claim upon which relief can be granted.

2. Defendants affirmatively allege, in the alternative, that if Plaintiff was injured or damaged, such injury or damage was caused by the actions of Plaintiff or third-parties over whom Defendants have no control, right to control, responsibility, or reason to anticipate.

3. Defendants affirmatively plead a defense against Plaintiff's claims based on proportionate responsibility and ask the finder of fact to determine the percentage of responsibility of each person or entity, whether or not joined in this lawsuit, for the damages about which Plaintiff complains.

4. Defendants respectfully reserve the right to assert any additional affirmative defenses that may be revealed during the course of these proceedings.

**WHEREFORE**, Defendants pray that Plaintiff take nothing through her claims asserted, that the lawsuit be dismissed with prejudice and on the merits, and that Defendants be awarded its attorneys' fees, costs, disbursements, and any other relief the Court deems just and proper.

6570664v1
00514.864

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Alison H. Moore*
Alison H. Moore
State Bar No. 09836500
Amoore@thompsoncoe.com
James V. Earl
State Bar No. 24099133
jearl@thompsoncoe.com

Plaza of the Americas, 700 N. Pearl Street,
Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone: (214) 871-8200
Telecopy: (214) 871-8209

**COUNSEL FOR RITA F. MOSELEY, KEVIN DALE MOSELEY, RITA F. MOSELEY, P.C., KEVIN DALE MOSELEY, P.C., RICKY RYAN RIDDLE, P.C., MOSELEY & RIDDLE, AND TRENT RIDDLE, IN HIS CAPACITY AS INDEPENDENT EXECUTOR OF THE ESTATE OF RICKY RYAN RIDDLE**

# CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to the Rules, on this 14th day of December, 2018.

| | |
|---|---|
| John H. Lovell,<br>john@lovell-law.net<br>Joe L. Lovell,<br>joe@lovell-law.net<br>Matthew S. Merriott,<br>matthew@lovell-law.net<br>LOVELL LOVELL ISERN & FARABOUGH, LLP<br>112 Southwest 8th Avenue, Suite 1000<br>Amarillo, Texas 79101-2314<br>Phone: (806) 373-1515<br>*Attorneys for Plaintiff* | Mr. Brad Odell<br>Mr. Steven L. Hoard<br>bodell@mhba.com<br>shoard@mhba.com<br>MULLIN HOARD & BROWN, LLP<br>P.O. Box 2585<br>Lubbock, Texas 79401-3111<br>*Attorneys for Lone Star State Bank of West Texas* |
| Mr. Max R. Tarbox<br>max@tarboxlaw.com<br>TARBOX LAW, P.C.<br>2301 Broadway<br>Lubbock, Texas 79401<br>max@tarboxlaw.com<br>*Attorney for Involuntary Plaintiffs,*<br>*Waggoner Cattle, LLC, Cliff Hanger*<br>*Cattle, LLC, Circle W of Dimmitt, Inc.,*<br>*and Bugtussle Cattle, LLC* | |
| R. Byrn Bass, Jr.<br>bbass@bbasslaw.com<br>4716 4th Street, Suite 100<br>Compass Bank Building<br>Lubbock, Texas 79416-4953<br>*Attorney for Involuntary Plaintiff,*<br>*Michael Quint Waggoner* | ☐ VIA OVERNIGHT<br>☐ VIA HAND DELIVERY<br>☐ VIA FIRST CLASS MAIL<br>☐ VIA FAX: 972.984.1538<br>☐ VIA CERTIFIED MAIL/RRR<br>X ELECTRONIC CASE FILING (ECF)<br>X VIA EMAIL |

                                        */s/Alison H. Moore*
                                        Alison H. Moore
                                        James V. Earl